UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONNIE AVARAS, individually and as parent of N.A.,

                Plaintiffs,

-against-

CLARKSTOWN CENTRAL SCHOOL DISTRICT,
BOARD OF EDUCATION FOR THE CLARKSTOWN
CENTRAL SCHOOL DISTRICT, and NEW YORK
STATE DEPARTMENT OF EDUCATION,

                Defendants.

No. 15 CV 9679 (NSR)

ORDER

---

NELSON S. ROMÁN, United States District Judge:

Plaintiff Connie Avaras ("Plaintiff"), individually and as parent of N.A., commenced this action against the Clarkstown Central School District (the "District"), the Board of Education for the District (the "Board") (collectively the "District Defendants"), the New York State Department of Education (the "Department"), and the following Department officials: Mary Ellen Elia, the State Commissioner of Education ("Elia"), Christopher Suriano, the Assistant Commissioner of Special Education ("Suriano"), Joanne LaCrosse, Coordinator of Special Education Policy and Professional Development ("LaCross"), Noel Granger, Supervisor of Program Development and Support Services ("Granger"), and Jackie Bumbalo, Coordinator of Upstate Regional Special Education Quality Assurance ("Bumbalo") (collectively, the "Department Officials" and with the Department, "Department Defendants")[1] pursuant to the Individuals with Disabilities Education

---

[1] The Department Officials were not parties to Plaintiff's original complaint, but were added on February 8, 2017, when Plaintiff filed the SAC. By Opinion and Order dated October 15, 2018, the Court dismissed all claims asserted against the Department Defendants. (ECF No. 79.)



Improvement Act ("IDEA" or "IDEIA"), 20 U.S.C. § 1400 et seq., Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, and 42 U.S.C. § 1983 ("Section 1983").

Plaintiff initiated this case *pro se*, but has since retained counsel. At a pre-motion conference held on October 30, 2019, Plaintiff was granted leave to file a third amended complaint pursuant to certain conditions that were deemed mutually agreeable to Plaintiff and the District Defendants. (*See* ECF Minute Entry dated October 30, 2019.) At the conference, the Court advised that all claims asserted in the matter bearing the case number 19-cv-5355 will be considered under the instant case bearing the case number 15-cv-9679, and that any new claims to be asserted in the amended complaint would be limited to the most recent Independent Hearing Officer's ("IHO") and State Review Officer's ("SRO") decisions.

Plaintiff and the District Defendants submitted a Proposed Stipulation memorializing the agreement reached at the October 30, 2019 conference, which was signed by the Court and "so ordered" on November 18, 2019. ("Stipulation," ECF No. 99.) The Stipulation provides, *inter alia*, that "all claims in 19-cv-05355 shall be deemed raised in 15-cv-09679" (¶ 6) and that "Plaintiff will file . . . a supplemental Complaint in this action which is limited to the issue remanded to the IHO and appealed to the SRO." (¶ 2). Plaintiff subsequently attempted to file a "Supplemental Complaint" on December 16, 2019. (ECF No. 103.)

The Court now directs Plaintiff to file a third amended complaint, which will completely replace, not supplement, the operative complaint. While leave to amend is to be freely given, "piecemeal pleading" is impermissible. *See, e.g., Zito v. Leasecomm Corp.*, No. 02 CIV.8074 GEL, 2004 WL 2211650, at *26 (S.D.N.Y. Sept. 30, 2004). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint make "a short and plain statement of the claim showing that

the pleader is entitled to relief." To that end, the third amended complaint shall reiterate, without amending, all claims raised in the case number 19-cv-05355. The only new claims to be added are those regarding the issue remanded to the IHO and appealed to the SRO. The third amended complaint shall be filed on or before December 19, 2019. The remaining briefing schedule as indicated in the Stipulation remains in effect.

Dated: December 17, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge