UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONNIE AVARAS, *individually and as parent of N.A.*,

                  Plaintiff,

  -against-

CLARKSTOWN CENTRAL SCHOOL DISTRICT,
BOARD OF EDUCATION FOR THE CLARKSTOWN
CENTRAL SCHOOL DISTRICT, and NEW YORK
STATE DEPARTMENT OF EDUCATION,

                  Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/2021

No. 15 Civ. 09679 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      Defendant the New York State Education Department ("NYSED") moves under Rules 12(b)(6) and 21 of the Federal Rule of Civil Procedure to dismiss the Third Amended Complaint brought by Plaintiff Connie Avaras ("Avaras" or "Plaintiff"). Avaras has advised the Court in writing that it does not intend to oppose the motion of NYSED. (ECF No. 118-1.) NYSED's motion is granted, and Avaras' Third Amended Complaint is dismissed without prejudice against NYSED.

      The procedural history and facts of this case have been summarized on multiple occasions by this Court, including in the Court's Amended Opinion and Order dated October 15, 2018, ECF No. 79, and accordingly the Court limits itself now to a concise summary of relevant details. Avaras initially sought judicial review of a decision made by a State Review Officer ("SRO") at the NYSED, who affirmed the decision of an Independent Hearing Officer ("IHO"), finding that the Clarkstown Central School District (the "District") did not violate its Child Find obligation and offered Avaras' child ("N.A.") a free and appropriate public education for the

2011-2012 and 2013-2014 school years. Avaras contended that she was entitled to tuition reimbursement and transportation expenses for her unilateral alternative.

Pursuant to the Court's October 2018 Opinion and Order, the Court granted the NYSED's motion to dismiss with respect to all claims pending before the Court. Despite dismissing all claims against NYSED with prejudice, a narrow set of issues were potentially live for resolution at a later date because, in a separate Opinion and Order dated August 28, 2018, the Court remanded back to the IHO the determination of whether Plaintiff is entitled to tuition reimbursement from the year she filed her due process complaint through the 2017-2018 years under the pendency law. (ECF No. 77.)

Subsequently, on October 19, 2018, the IHO reached a decision on the pendency issue remanded by the Court and denied Avaras' request for tuition reimbursement for the 2012/2013 through 2017/2018 school years. Avaras appealed the IHO's decision to the SRO who, by decision dated January 23, 2019, affirmed the IHO's decision. Thereafter, Avaras commenced an action at the docket number 19-cv-05335 seeking judicial review of the SRO's decision. Plaintiff voluntarily discontinued the action at 19-cv-05335 in order to assert her claims challenging the January 2019 SRO's decision in this action, *i.e.*, 15-cv-09679.

Plaintiff's Third Amended Complaint seeks judicial review, pursuant to 20 U.S.C. § 1415, of the SRO's decision upholding the IHO's decision to deny tuition reimbursement for the 2012/2013 through 2017/2018 academic years. Plaintiff asserts causes of action under the Individuals with Disabilities Education Improvement Act, 29 U.S.C. § 1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act, 20 U.S.C. § 12132 *et seq*. against NYSED. NYSED moved to dismiss the complaint on the ground several grounds including that Avaras' claims fail under the law of the case doctrine, that NYSED is not a proper

2

party to this action, and that, in any event, Avaras' complaint fails to assert any allegations indicating how NYSED violated the law or injured Avaras. Avaras subsequently advised the Court in writing that she does not oppose the motion, and only seeks to reserve the right to further amend her complaint at an indeterminate date should Avaras later learn additional facts supporting an amended pleading.

A district court may not grant a Rule 12(b)(6) motion simply because it is unopposed, but must review the merits of the motion and decide if the movant has met its burden. *See McCall v. Pataki*, 232 F.2d 321, 322–23 (2d Cir.2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation omitted).

The Third Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted as it relates to NYSED. This Court has, in this case and a related case, repeatedly held that "[t]he State Education Department—which is not responsible for the day-to-day formulation of students' IEPs—is not a proper party to a suit challenging an administrative determination as to the sufficiency of the IESPs provided by the local education agency." *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 18-cv-6964, 2019 WL 4600870, at *14 (S.D.N.Y. Sept. 21, 2019); *see also Avaras v. Clarkstown Cent. Sch. Dist.*, No. 15 CV 9679 (NSR), 2018 WL 4964230, at *8 n.8 (S.D.N.Y. Oct. 15, 2018). The Third Amended Complaint asserts nearly identical bases for liability as the earlier complaints that the Court dismissed, and accordingly is now subject to dismissal once again for this same reasons.


Avaras indicated by letter dated February 18, 2020 that she may discover additional factual bases to assert claims against NYSED, and sought to reserve her right to assert such claims should that information be discovered.  The Third Amended Complaint is dismissed without prejudice to a re-filing within twenty days.  Any new pleading must properly allege claims for which NYSED is a proper party. If Avaras fail to re-plead properly, or to move for an extension of time together with a showing of cause, I will dismiss the complaint with prejudice.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 115 and 128.

Dated:   February 9, 2021            SO ORDERED:
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge