UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____           │
│ DATE FILED: _12/2/2021_____          │
└─────────────────────────────────────┘
```

CONNIE AVARAS, individually and on behalf of
her minor child, N.A.,

                              Plaintiff,

        -against-

CLARKSTOWN CENTRAL SCHOOL DISTRICT,
BOARD OF EDUCATION FOR THE
CLARKSTOWN CENTRAL SCHOOL DISTRICT,
and NEW YORK STATE DEPARTMENT OF
EDUCATION,

                              Defendants.

No. 15 CIV 9679 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Before the Court is Plaintiff Connie Avaras' motion to reject as invalid non-party Gina

DeCrescenzo, P.C.'s charging lien asserted in the instant litigation. (ECF No. 145.) Plaintiff

Connie Avaras ("Plaintiff"), individually and as parent of N.A., commenced this action against the

Clarkstown Central School District ("the District"), the Board of Education for the Clarkstown

Central School District, the New York State Department of Education (collectively, "Defendants")

and the following Department officials: Mary Ellen Elia, the State Commissioner of Education,

Christopher Suriano, the Assistant Commissioner of Special Education, Joanne LaCrosse,

Coordinator of Special Education Policy and Professional Development, Noel Granger, Supervisor

of Program Development and Support Services, and Jackie Bumbalo, Coordinator of Upstate

Regional Special Education Quality Assurance (collectively, "Individual Defendants") pursuant

to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et*

*seq.*, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, Section

504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, and 42 U.S.C. § 1983 ("Section 1983").  On October 12, 2021, non-party Gina DeCrescenzo, P.C. ("DeCrescenzo") sent a letter to the Parties seeking to assert a charging lien pursuant to N.Y. Judicial Law § 475 upon the settlement proceeds of the instant litigation.  (*See* ECF No. 134.)

For the following reasons, Plaintiff's motion to reject DeCrescenzo's charging lien as invalid is GRANTED in part and DENIED in part.  Plaintiff's motion is GRANTED as to Plaintiff's request to deem the lien as waived and DENIED in all other respects.

## BACKGROUND

In 2012, Plaintiff engaged Ms. Gina DeCrescenzo to represent her and her son N.A. in an impartial due process hearing ("Impartial Hearing") before a hearing officer ("Impartial Hearing Officer") pursuant to the IDEA to seek relief for tuition and related expenses for N.A.'s education for the 2011–2012, 2012–2013, and 2013–2014 school years.  (Memorandum of Law in Support of Plaintiff's Motion to Reject as Invalid the Charging Lien ("Pl.'s Mem."), ECF No. 145, at 4.) At issue in the administrative proceedings was whether the District was required to pay for N.A.'s tuition at Hawk Meadow Montessori School ("Hawk Meadow") because the District had failed to provide free and appropriate public education for N.A., and, if so, whether Hawk Meadow was an appropriate alternative.  (*Id.*)  The Impartial Hearing Officer ruled against Plaintiff on two of the three school years by finding that the District offered N.A. a free and appropriate education for the 2011–2012 and 2013–2014 school years.  (*Id.* at 5.)  Plaintiff and DeCrescenzo executed a subsequent retainer agreement to engage DeCrescenzo for the appeal.  (*See* Gina DeCrescenzo, P.C.'s Memorandum of Law in Opposition to Plaintiff Connie Avaras' Motion to Reject as Invalid ("Opp."), ECF No. 153, at 4.)  On August 10, 2015, the Office of State Review affirmed the Impartial Hearing Officer's decision. (Pl.'s Mem. at 5.)  DeCrescenzo's representation terminated

shortly after the August 10, 2015 decision after DeCrescenzo sent Plaintiff a copy of the decision and discussed it with her.  (Opp. at 4.)

On December 8, 2015, Plaintiff commenced the instant action *pro se*[1] seeking judicial review of the State Review Officer's decision.  (ECF No. 2.)  The District also brought counterclaims which sought judicial review of the Impartial Hearing Officer's finding that the District failed to provide a free appropriate public education for N.A. for the 2012–2013 school year.

Plaintiff has two other separate actions against Defendants before this Court in connection with her older son A.A.'s education: Case Nos. 15-cv-2042 and 18-cv-6964.  In Case No. 15-cv-2042, on October 9, 2020, DeCrescenzo filed a third-party complaint-in-intervention seeking to enforce a notice of charging lien served on the Parties in 2017.  By March 9, 2021, Plaintiff and DeCrescenzo filed their briefing papers on Plaintiff's motion to dismiss DeCrescenzo's complaint-in-intervention and to reject the charging lien.

On October 8, 2021, Plaintiff and Defendants submitted a settlement stipulation to globally settle all three actions between the Parties before this Court.  (ECF No. 133.)  The Parties stipulated to settle the instant action for $200,000, Case No. 18-cv-6964 for $200,000, and Case No. 15-cv-2042 for $100,000—with $20,000 of the settlement funds paid to Plaintiff and $80,000 withheld pending the final resolution of DeCrescenzo's assertion of lien.  (*Id.*)  On October 13, 2021, the District filed a letter with this Court stating that the Defendant received a letter from DeCrescenzo on October 12, 2021 informing "for the first time" of DeCrescenzo wishes to assert a lien for unpaid fees and expenses against the settlement funds in the instant action.  (*See* ECF No. 134.) DeCrescenzo alleges Plaintiff owes approximately $85,500 in legal fees for matters concerning

---

[1] Plaintiff has since retained counsel.  (ECF No. 96.)

N.A. as of October 12, 2021.  (*Id.*)  On October 14, 2021, this Court held a telephone conference during which the Court granted Plaintiff leave to file the instant motion.

On October 26, 2021, the Parties filed a superseding settlement stipulation in which for the instant action the Defendants agreed to pay Plaintiffs $200,000 as settlement amount with $100,000 temporarily withheld pending final determination with respect to the validity of the charging lien asserted by DeCrescenzo.  (ECF No. 139.)  On October 29, 2021, this Court approved of the global settlement stipulation.  (ECF No. 140.)

On November 15, 2021, Plaintiff moved to reject as invalid the charging lien asserted by DeCrescenzo.  (ECF No. 145.)  In support, Plaintiff submitted a memorandum of law and two declarations from Plaintiff Connie Avaras and her counsel Tai H. Park.  (ECF Nos. 145 & 146.)  DeCrescenzo opposed the motion and filed a declaration in support of her opposition.  (ECF No. 153.)  Plaintiff submitted a reply memorandum of law and a second declaration of Tai H. Park in response.  (ECF Nos. 148 & 149.)

## DISCUSSION

Plaintiff seeks to reject as invalid DeCrescenzo's charging lien on the grounds that (i) the charging lien is inapplicable to the proceeds of the federal litigation, (ii) DeCrescenzo is not an "attorney of record," (iii) her services did not contribute to the creation of the settlement fund, (iv) she waived enforcement of the lien, and (v) that the charging lien is not equitable, fair, or reasonable.  (*See* Pl.'s Mem.)  DeCrescenzo responds that (i) the charging lien applies to the cause of action in this civil action, (ii) her appearance in the underlying administrative proceeding qualifies her as "attorney of record," (iii) the work done in the underlying administrative proceedings contributed to Plaintiff's settlement proceeds of the instant action, (iv) there was no waiver of the lien, (v) the settlement agreement included provision for attorneys' fees for

DeCrescenzo's work, (vi) the enforcement of the lien is equitable, and (vii) that the lien should be established through an "account stated" theory.  (*See* Opp.)

Below, the Court considers the validity of the charging lien and, if valid, whether the enforcement of the lien was waived by DeCrescenzo's actions.

## I.      Validity Of Charging Lien

The Court first turns to the issue of whether there is a valid charging lien on the instant civil action.  "A charging lien is a security interest in the favorable result of litigation, giving the attorney [an] equitable ownership interest in the client's cause of action and ensuring that the attorney can collect [her] fee from the fund [she] has created for that purpose on behalf of the client."  *Charnow v. Charnow*, 134 A.D.3d 875, 876 (2d Dep't 2015) (citation omitted).  New York Judiciary Law § 475 ("Section 475") "governs attorneys' charging liens in federal courts sitting in New York."  *Itar-Tass Russ. News Agency v. Russ. Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998).  Section 475 provides:

> From the commencement of an action, special or other proceeding in any court or before a state, municipal or federal department . . ., the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counter claim, which attaches to a verdict, report, determination, decision, award, settlement,  judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination.  The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Jud. § 475.  The charging lien exists "[f]rom the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor," *id.*, but it "only attaches when proceeds from an identifiable fund are created by an attorney's own efforts in the action or proceeding," *In re Air Crash at Belle Harbor*, No. 02-cv-4758 (RWS), 2006 WL 3247675, at *2 (S.D.N.Y. Nov. 9, 2006).

For the reasons set forth below, the Court finds that DeCrescenzo has a valid charging lien on the instant action.

**a. Whether DeCrescenzo Is An "Attorney Of Record"**

As the Second Circuit and other courts applying New York law have made clear, a charging lien "is for the benefit of an 'attorney of record' only." *Itar-Tass*, 140 F.3d at 450 (collecting cases). Thus, "before an attorney can be granted a lien pursuant to [Section 475], he or she must have appeared for the client by 'participating in a legal proceeding on the client's behalf or by having his [or her] name affixed to the pleadings, motions, records, briefs, or other papers submitted in the matter.'" *Picciolo v. State*, 287 A.D.2d 721, 722 (2d Dep't 2001) (quoting *Cataldo v. Budget Rent A Car Corp.*, 226 A.D.2d 574, 574 (2d Dep't 1996)). An attorney of record who has been discharged by her client "maintains . . . her right to enforce the statutory lien," so long as her "representation terminates upon mutual consent, and there has been no misconduct, no discharge for just cause, and no unjustified abandonment by the attorney." *CPMI, Inc. v. Kolaj*, 137 A.D.3d 953, 955–56 (2d Dep't 2016) (citation omitted); *accord Klein v. Eubank*, 87 N.Y.2d 459, 464 (1996). Thus, "an attorney need not be counsel of record at the time the judgment or settlement fund is created in order to be entitled to the lien afforded by Judiciary Law § 475," *Klein*, 87 N.Y.2d at 462.

Plaintiff argues that DeCrescenzo does not qualify as an "attorney of record" under Section 475 because DeCrescenzo "never appeared in the instant action" and her "only involvement was in connection with the administrative proceedings before the IHO and the SRO." (Pl.'s Mem at 12–13.) DeCrescenzo argues that she was an "attorney of record" within the meaning of Section 475 because "it was enough that Ms. DeCrescenzo appeared in the underlying administrative proceedings." (Opp. at 8.)

"Under very specific circumstances, courts may grant charging liens on proceeds in actions where the moving attorney did not render legal services where a subsequent action 'in logical sequence' involved the same claims." *Ramgoolie v. Ramgoolie*, No. 16-CV-3345 (VEC)(SN), 2020 WL 1989292, at *5 (S.D.N.Y. Apr. 27, 2020) (citing *Sellick v. Consol. Edison Co. of New York, Inc.*, 15-cv-9082 (RJS), 2017 WL 1133443, at *5 (S.D.N.Y. Mar. 23, 2017)). But Plaintiff argues that the logical sequence exception is inapplicable to DeCrescenzo because her performance "led to a net loss." (Pl.'s Mem. at 13–14.) Plaintiff claims that the logical sequence exception to the attorney of record requirement only applies where there was success in the underlying proceeding and that "there is no 'logical sequence' between Plaintiff's loss in the administrative proceeding and this litigation." (Pl.'s Mem. at 14.)

The Court is not convinced by Plaintiff's confinement of the "logical sequence" exception to "successful" underlying proceedings only. Rather, this Court agrees with the reasoning in *Sellick v. Consol. Edison, Co. of New York, Inc.*, where the court granted a Section 475 charging lien over attorneys' fees collected out of settlement of a federal lawsuit after finding the "federal suit was of a logical sequence from EEOC proceeding, since a Title VII plaintiff 'must first exhaust [her] administrative remedies by 'filing a timely charge with the EEOC or with a [s]tate or local agency with authority to grant or seek relief from such practice.'" 2017 WL 1133443, at *5 (citing *Neimark*, 7 A.D.2d at 934 and *Roth v. Farmingdle Pub. Sch. Dist.*, No. 14-cv-6668, 2017 WL 395211, at *9 (E.D.N.Y. Jan. 30, 2017)).

In this case, N.Y. Educ. Law § 4404 provides that any determination by an Impartial Hearing Officer shall be reviewed by a State Review Officer, and "any final determination or order of a state review officer . . . may only be reviewed in a proceeding brought in the supreme court . . . or in the United States district court." N.Y. Educ. Law § 4404. Hence, similar to how a Title

7

VII plaintiff must first exhaust her administrative remedies through EEOC proceedings, Plaintiff here must first have exhausted her administrative remedies by asserting her claims before the Impartial Hearing Officer and by seeking review by the Office of State Review before bringing the instant action in federal court.  The doctrine of exhaustion of administrative remedies does not require a party to have been successful in the underlying proceedings—rather, it only requires that parties first exhaust the available administrative remedies.  As such, applying the *Sellick* reasoning and in conformity with this Court's recent decision in *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 15 CIV 2042 (NSR), 20201 WL 5180832 (S.D.N.Y. Nov. 8, 2021), the Court finds the instant action is in "logical sequence" with the underlying administrative proceedings before the Impartial Hearing Officer and the State Review Officer.

Additionally, DeCrescenzo has sufficiently pled that she is an attorney of record in the underlying administrative proceedings.  Under Section 475, an attorney "must have appeared for the client by participating in a legal proceeding on the client's behalf or by having [her] name affixed to pleadings, motions, records, briefs or other papers submitted in the matter."  *Picciolo v. State*, 287 A.D.2d 721, 722 (2d Dep't 2001).  During the Impartial Hearing, DeCrescenzo prepared and filed a "Demand for Due Process" administrative pleading and represented Plaintiff at four-and-a-half days of hearing over the course of nine hearing dates.  (Opp. at 2–3.)  Before the Office of State Review, DeCrescenzo drafted an answer with cross-appeal and a memorandum of law. (*Id.* at 4.)  Thus, the Court finds that DeCrescenzo sufficiently meets the attorney of record requirement of Section 475.

### b.  Whether DeCrescenzo's Efforts Contributed To Settlement

Plaintiff contests DeCrescenzo's efforts contributed to the creation of the settlement fund. Plaintiff asserts that DeCrescenzo's "unsuccessful efforts affirmatively handicapped Plaintiff from

obtaining any remedy" and prejudiced Plaintiff's chances of success.  (Pl.'s Mem. at 15, 19.)

Further, Plaintiff claims DeCrescenzo's involvement had "nothing to do with driving the

settlement" and instead that it was the IDEA pendency and stay put laws claims asserted by

Plaintiff's new counsel, which DeCrescenzo failed to assert, that was key in driving global

settlement of the three cases.  (*Id*. at 16–17.)  Plaintiff claims the underlying record could have

been easily established *pro se*, without assistance of counsel.  (*Id.* at 20.)  DeCrescenzo maintains

her work in the underlying administrative proceeding contributed to Plaintiff's settlement proceeds

in the instant action.  (Opp. at 8–11.)  DeCrescenzo notes that her advocacy led to Plaintiff

prevailing on the award of the 2012–2013 school year tuition at the Office of State Review level.

(*Id.* at 9.)  Further, DeCrescenzo claims she could not have raised the pendency issues in the

Impartial Hearing because such payment was not yet accrued at the time of her representation.  (*Id.*

at 10–11.)

The Court finds Plaintiff's explanation of the considerations driving global settlement to

be unavailing.  The text of Section 475 is clear that an attorney has a "lien upon [her] client's *cause*

*of action* . . . , which attaches to a . . . settlement."  N.Y. Jud. Law § 475; *see also Sellick*, 2017

WL 1133443, at *4.  DeCrescenzo represented Plaintiff before both the Impartial Hearing Officer

and the Office of State Review in seeking relief regarding N.A.'s education for the 2011–2012,

2012–2013, and 2013–2014 school years.  Thus, DeCrescenzo's lien was upon Plaintiff's claims

for relief for tuition and other expenses associated with N.A.'s education during those school years.

The Parties have explicitly allocated $200,000 of the global settlement to dismiss the instant action.

(ECF No. 139.)  This settlement amount extinguishes the causes of action in the instant action and

is thus subject to the lien.  *See In re Shirley Duke Assocs.*, 611 F.2d 15, 28 (2d Cir. 1979) ("In the

event of settlement, the attorney's lien attaches to the fund representing the cause of action

extinguished by the settlement.")  Therefore, the Court finds that DeCrescenzo has a valid Section 475 charging lien upon the settlement funds of the instant action.

## II.      Waiver of Enforcement of Lien

Finding the lien validly asserted, the Court next turns to whether the enforcement of the lien was waived.  "[T]he right to enforce . . . a [Section 475] lien will be waived by any action inconsistent with an intent to enforce the lien." *Petition of Harley & Browne*, 957 F. Supp. 44, 49 (S.D.N.Y. 1997) (citing *Kaplan v. Reuss*, 495 N.Y.S.2d 404, 407 (1984)).  This "waiver rule is intended to prevent other parties from being misled by an attorney's actions or inaction." *Kaplan*, 495 N.Y.S.2d at 407.  Therefore, "if the attorney knowingly allows the proceeds to pass into the hands of the client or another party without asserting his or her rights, or if the attorney fails to enforce the lien within a reasonable time, the lien will be deemed waived and the attorney relegated to a plenary action against the client for any fees." *Id.*

Plaintiff argues that DeCrescenzo's unreasonable delay in asserting the lien bars enforcement of the lien.  (Pl.'s Mem. at 21.)  Plaintiff notes that DeCrescenzo "has known about the Instant Case since its inception, and as of February 2021, she knew about the settlement negotiations to resolve this case along with the two cases . . . [y]et she remained silent about her purported lien."  (*Id.*)  Notably, Plaintiff compares DeCrescenzo's inaction in the instant action with her vigorous litigation in asserting a Section 475 charging lien in the Parties' case relating to Plaintiff's son A.A., Case No. 15-cv-2042.  (*Id.*)

DeCrescenzo does not contest or otherwise attempt to explain her delay in asserting this lien.  Rather, she makes three arguments that are unconvincing to the Court.  First, she argues that the Court should not find a waiver because Plaintiff was well-aware of her unpaid legal fees and was repeatedly reminded of her outstanding fees. (Opp. at 11.)  But, as laid out in Ms. Gina DeCrescenzo's declaration (Gina M. DeCrescenzo's Declaration ("DeCrescenzo Decl."), ECF No.

10

153), the communications with Plaintiff regarding this lien were in 2015 and the last billing statement was sent in 2017—years predating the February 12, 2021 teleconference before this Court during which DeCrescenzo was present when the Parties discussed reaching global settlement with regards to all three cases. The rule of waiver "is intended to prevent other parties from being misled by an attorney's actions or inaction." *Kaplan*, 495 N.Y.S.2d at 407. The Court agrees with Plaintiff that DeCrescenzo's failure to assert the charging lien in the instant litigation until October 12, 2012 when a long-negotiated settlement has been reached, despite having notice of ongoing settlement discussions, is misleading as to DeCrescenzo's intent to enforce the lien. (*See* Pl.'s Mem. at 1.) DeCrescenzo's unexplained delay is particularly misleading in light of her strong efforts since June 2020 to intervene and assert a charging lien upon Plaintiff's settlement proceeds in Case No. 15-cv-2042. The Parties reasonably relied upon DeCrescenzo's actions to signify that she intended only to assert a charging lien upon one of the three cases being negotiated for settlement.

Second, DeCrescenzo attempts to distinguish *Kaplan* and *Harley & Browne* on the basis that those cases involved attorneys who asserted liens after the proceeds of the settlement were already distributed. (Opp. at 11–12.) But *Kaplan* makes clear that waiver may occur "if the attorney knowingly allows the proceeds to pass into the hands of the client . . . *or* if the attorney fails to enforce the lien *within a reasonable time*." 495 N.Y.S.2d at 407 (emphasis added). Although DeCrescenzo sought to assert her lien prior to the disbursement of settlement proceeds, the Court nonetheless finds the attorney waived enforcement of the lien by failing to assert the lien within a reasonable time.

DeCrescenzo should have known about the existence of a charging lien in December 2015 when Plaintiff filed for judicial review of the underlying administrative decisions. Further, by

February 2021 at the latest, DeCrescenzo was aware of the ongoing global settlement negotiations between parties that would likely lead to the disposition of the instant action. Indeed, DeCrescenzo attended the February 12, 2021 teleconference before the Court where the Parties notified the Court they have reached a global settlement. During the teleconference, DeCrescenzo only sought to intervene and assert a lien upon Case No. 14-cv-2042 and did not mention any charging lien upon the instant action. Yet, DeCrescenzo waited until October 12, 2021, after the Parties submitted their proposed global settlement agreement, to assert the lien. Even assuming the delay tolled from February 12, 2021, an eight-month delay in asserting her lien is unreasonable. The Second Circuit has generally held that an eight- to eighteenth-month delay in an attorney's request to intervene after the applicant knew or should have known of an interest is untimely. *See, e.g.*, *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182–83 (2d Cir. 2001) (finding a one-year delay in requesting to intervene after realizing threat to applicant's charging lien as untimely); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191 (2d Cir. 2000) (eight-month delay); *Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (eighteen-month delay); *United States v. Pitney Bowes, Inc.*, 25 F.3d 66 (2d Cir. 1994) (untimely delay after constructive knowledge of interest for at least fifteen months and actual knowledge of eight months prior to filing motion to intervene). Notably, where an applicant's late intervention would prejudice the parties and their settlement negotiations, the Second Circuit has held that an eight-month delay is untimely. *See In re Holocaust Victim Assets Litig.*, 224 F.3d at 199 ("intervention at this late stage would prejudice the existing parties by destroying their Settlement and sending them back to the drawing board"); *Pitney Bowes, Inc.*, 25 F.3d at 72 (noting applicant "did not attempt to intervene at any time" during eight months of negotiations). Here, DeCrescenzo is in a worst position than the applicants in all the above-cited Second Circuit cases. Former counsel has yet to move to intervene in the instant action and has

only sent a notice of lien to the parties.  Former counsel did not seek to assert the lien at any time prior to October 12, 2021, when the parties submitted their global settlement proposal.  Former counsel failed to timely assert her charging lien despite having knowledge of the existence of a case that commenced in 2015 and where, as the record clearly reflects, she knew the parties were negotiating a global settlement involving the disposition of this particular case.

Third, DeCrescenzo suggests that waiver must be voluntary and that she never made an affirmative statement of waiver.  (Opp. at 12–13.)  The Court is unpersuaded by this argument.  As case law makes clear, waiver occurs through an attorneys' actions that are inconsistent with the intent to enforce the lien.  *See Harley & Browne*, 957 F. Supp. at 49.  Whether DeCrescenzo in fact intended to waive the enforcement or not, her actions were clearly inconsistent with an intent to enforce such lien, particularly in light of her actions in Case No. 15-cv-2042.  Thus, the Court finds that DeCrescenzo waived the enforcement of her Section 475 charging lien upon Plaintiff's settlement proceeds in the instant action.

Because the Court finds that the enforcement of the lien was waived, the Court does not need to go into an analysis of the proper amount of the lien.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reject DeCrescenzo's charging lien as invalid is GRANTED in part and DENIED in part.  Plaintiff's motion is GRANTED as to Plaintiff's request to deem the lien as waived and DENIED in all other respects.  Although the Court finds that DeCrescenzo's Section 475 charging lien is validly asserted over Plaintiff's settlement funds from the instant action, the Court concludes that the enforcement of the lien was waived due to DeCrescenzo's unreasonable delay in asserting the lien.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 145.


Dated:   December 2, 2021                                    SO ORDERED:
          White Plains, New York

                                               _____
                                                       NELSON S. ROMÁN
                                                   United States District Judge

14